**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0006254
24-FEB-2015
08:06 AM**

NO. CAAP-13-0006254

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
LYNN GORDON WATERHOUSE, Defendant-Appellant,
and ADRIENNE VICENTE, Defendant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-1818)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Lynn Gordon Waterhouse (**Waterhouse**) appeals from a November 27, 2013 Circuit Court of the First Circuit (**Circuit Court**) Judgment of Conviction and Sentence.[1] Waterhouse was convicted of Robbery in the Second Degree in violation of Hawaii Revised Statutes (**HRS**) § 708-841(1)(b) (Supp. 2012) and sentenced to ten years imprisonment with a mandatory minimum of ten years as a repeat offender. On appeal, Waterhouse contends that: (1) there was insufficient evidence to support his conviction of Robbery in the Second Degree; (2) the Circuit Court's failure to instruct the jury that "defense of others" is a defense to Robbery in the Second Degree denied him his right to a fair trial; and (3) the Circuit Court's failure to instruct the jury on the included offense of Theft in the Fourth Degree denied him his right to a fair trial.

---

[1] The Honorable Colette Y. Garibaldi presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Waterhouse's points of error as follows:

(1) The State charged Waterhouse with Robbery in the First Degree in violation of HRS § 708-840(1)(b)(ii) (1993 & Supp. 2012),[2] which provides, in relevant part:

> **§ 708-840 Robbery in the first degree.** (1) A person commits the offense of robbery in the first degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
>
> . . . .
>
> (b) The person is armed with a dangerous instrument and:
>
> . . . .
>
> (ii) The person threatens the imminent use of force against the person of anyone present with intent to compel acquiescence to the taking of or escaping with the property;
>
> . . . .
>
> (2) As used in this section, "Dangerous instrument" means any firearm, whether loaded or not, and whether operable or not, or other **weapon**, device, instrument, material, or substance, whether animate or inanimate, **which in the manner it is used or threatened to be used is capable of producing death or serious bodily injury**.

(Emphasis added.)

The jury found Waterhouse guilty of the lesser included offense of Robbery in the Second Degree in violation of HRS § 708-841, which provides, in relevant part:

> **§ 708-841 Robbery in the second degree.** (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
>
> . . . .
>
> (b) The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property[.]

Waterhouse argues that there was a lack of substantial evidence to support the "threat of force" element of the robbery charge, because the only threat of force occurred when, according to the complaining witness, Daniel Dabin (**Dabin**), Waterhouse swung at and threatened to cut Dabin with a knife. Specifically,

---

[2] Subsequent to the date of Waterhouse's alleged offense, the cited portions HRS § 708-840 were amended to add references to a "simulated firearm."

Waterhouse argues that because the jury did not find him guilty of Robbery in the First Degree,

> they did not feel that the State proved the threat of force with a dangerous instrument element beyond a reasonable doubt. However, based upon the evidence adduced at trial, because the only threats of force allegedly occurred with the knife, there is no legal way for the jury to have found that Lynn committed the offense of Robbery in the Second Degree without committing the offense of Robbery in the First Degree.

As the State argues, however, this theory overlooks the possibility that the jury concluded that, while the State had proven beyond a reasonable doubt that Waterhouse threatened the imminent use of force, it failed to prove that he was "armed with a dangerous instrument" as required for a conviction of Robbery in the First Degree under HRS § 708-840(1)(b). The jury could have found that Waterhouse threatened the imminent use of force, but was not armed with a "weapon . . ., which in the manner it is used or threatened to be used is capable of producing death or serious bodily injury," when he did so. See HRS § 708-840(2). Here, the complaining witness testified that Waterhouse threatened him while brandishing an old folding knife that was about three inches long, including both the handle and the blade. The police officer who responded to the incident did not find a knife on Waterhouse's person when he patted him down, but the officer also testified that he did not look around the area for one.

> In his Reply Brief, Waterhouse argues that
>
> the "threat of force" being offered as a basis for the Robbery in the Second Degree conviction is intimately tied to [Dabin's] allegation that [Waterhouse] was also brandishing a knife. Without the knife, which is a finding by the fact-finder we must adhere to, there is no "true threat" as required by State v. Valdivia, 95 Hawai'i 465, 24 P.3d 661 (2001). The jury specifically found the evidence insufficient as to the knife and the threats associated with the knife. There were no other verbal threats of force used by [Waterhouse]. There was no threat to otherwise harm the complainant physically.

However, the "true threat" distinction drawn in Valdivia referred to a first degree terroristic threatening charge under HRS §§ 707-715 and 707-716(1)(c), and addressed the defendant's assertion that his remarks were constitutionally

protected speech. See State v. Valdivia, 95 Hawai'i 465, 474, 24 P.3d 661, 670 (2001). The requisite intent under the terroristic threatening statutes is also different from that required under HRS § 708-841.[3] No Hawai'i case has extended the "true threat" requirement to apply to robbery and we decline to do so here.

Thus, viewing the evidence in the light most favorable to the State, there was sufficient evidence to support the jury's conclusion that Waterhouse, "in the course of committing theft[,]" "threaten[ed] the imminent use of force against [Dabin] with intent to compel acquiescence to the taking of or escaping

---

[3]     "Terroristic Threatening" is defined in HRS § 707-715 (2014), which provides:

> § 707-715  Terroristic threatening, defined.  A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage or harm to property, including the pets or livestock, of another or to commit a felony:
> (1)     With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person; or
> (2)     With intent to cause, or in reckless disregard of the risk of causing evacuation of a building, place of assembly, or facility of public transportation.

(Emphasis added).  In contrast, HRS § 708-840 provides, in relevant part:

> § 708-840  Robbery in the first degree.  (1) A person commits the offense of robbery in the first degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
> . . . .
> (b)     The person is armed with a dangerous instrument and:
> . . . .
> (ii)    The person threatens the imminent use of force against the person of anyone present with intent to compel acquiescence to the taking of or escaping with the property[.]

(Emphasis added).  Similarly, HRS § 708-841 provides, in relevant part:

> § 708-841  Robbery in the second degree.  (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
> . . . .
> (b)     The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property[.]

(Emphasis added).

4

with the property" and was thus guilty of Robbery in the Second Degree under HRS § 708-841(b).

(2)     Waterhouse argues, in essence, that the Circuit Court plainly erred when it failed to specifically instruct the jury that "defense of others" is a defense to Robbery in the Second Degree and thus denied him his right to a fair trial. Waterhouse requested only that a "defense of others" instruction be given as to the Robbery in the First Degree charge. Waterhouse's trial counsel also did not object to the Circuit Court's omission of a "defense of others" instruction as to Robbery in the Second Degree.

The supreme court discussed the standard of review for allegedly erroneous omissions of jury instructions that were not requested at trial in State v. Nichols, 111 Hawaiʻi 327, 141 P.3d 974 (2006). The supreme court has since clarified the Nichols framework in State v. Taylor, in the context of the omission of a "mistake of fact" instruction that was not requested at trial:

> We reiterate that it is the trial court's duty to properly instruct the jury. However, in the case of a jury instruction that is not requested at trial, the omission of which is later denominated as error for the first time on appeal, the Nichols' "merger" holding should also be clarified.
>
> Upon further examination of this case, it appears that the Nichols court, despite its "merger" holding, continued to engage in a two-step, plain-error-then-harmless error review in analyzing instructional error. Nichols observed that **the defendant must first overcome the presumption that the instructions as given were correct. 111 Hawaiʻi at 337 n.6, 141 P.3d at 984 n.6. Once instructional error is demonstrated, the defendant must then show that there was a reasonable possibility that the erroneous jury instruction contributed to his or her conviction, i.e., that the instructional error was not harmless beyond a reasonable doubt.** See 111 Hawaiʻi at 337, 141 P.3d at 984.
>
> The first step in the Nichols analysis was our determination that "the circuit court's failure to give a 'relevant attributes' instruction was plain error[.]" 111 Hawaiʻi at 338, 141 P.3d at 985 (emphasis added). This was so because under State v. Valdivia, the failure to instruct on relevant attributes in a terroristic threatening case is reversible error in any event, whether or not the relevant attributes instruction is requested (as it was in Valdivia) or unrequested (as it was in Nichols). 95 Hawaiʻi 465, 479, 24 P.3d 661, 675 (2001) (concluding that the omission of an instruction on relevant attributes was error because "the jury . . . should have been instructed that it could consider relevant attributes of both the defendant and the [complaining witness] in determining whether the

5

> [complaining witness's] fear of bodily injury . . . was objectively reasonable under the circumstances. . . .")[.]

> The next step in the <u>Nichols</u> analysis was our determination that "there is a reasonable possibility that the error contributed to Nichols' conviction, <u>i.e.</u>, the error <u>was not harmless beyond a reasonable doubt</u>." 111 Hawai'i at 338, 141 P.3d at 985 (emphasis added). Thus, it would appear that, rather than "merging" the two standards of review, the <u>Nichols</u> court retained the two-step plain-error-then-harmless-error inquiry.

> **Thus, in the case of a mistake of fact jury instruction that is not requested and not given at trial, the omission of which is denominated as error for the first time on appeal, we clarify that the plain error standard continues to apply.** Plain error exists "[i]f the substantial rights of the defendant have been affected adversely[.]" <u>State v. Kikuta</u>, 125 Hawai'i 78, 95, 253 P.3d 639, 656 (2011). This court "will apply the plain error standard of review to correct errors [that] seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights." <u>Id.</u> (citations omitted).

> In the case of a jury instruction on mistake of fact that is not requested by the defense and not given by the trial court, plain error affecting substantial rights exists if the defendant had met his or her initial burden at trial of adducing credible evidence of facts constituting the defense (or those facts are supplied by the prosecution's witnesses). <u>See Stenger</u>, 122 Hawai'i at 280, 226 P.3d at 450 (citing <u>Locquiao</u>, 100 Hawai'i at 206, 58 P.3d at 1253 and the Commentary to HRS § 701-115). <u>See id.</u>

<u>State v. Taylor</u>, 130 Hawai'i 196, 204-05, 307 P.3d 1142, 1150-51 (2013) (bold emphases added, footnote omitted). The court further clarified the burden-shifting under <u>Nichols</u> in <u>State v. DeLeon</u>:

> [T]he appellant must first demonstrate instructional error by rebutting the "presumption that unobjected-to jury instructions are correct." If the appellant is able to rebut this presumption, the burden shifts to the State to prove that the error was harmless beyond a reasonable doubt. . . .

> If the State cannot demonstrate that the error was harmless beyond a reasonable doubt, the conviction must be vacated.
> . . . .

> Hawai'i Rules of Penal Procedure (HRPP) Rule 52(b) states that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Therefore, an appellate court "may recognize plain error when the error committed affects substantial rights of the defendant."

State v. DeLeon, 131 Hawai'i 463, 479-80, 319 P.3d 382, 398-99 (2014) (internal citations and quotation marks omitted; format altered).

Here, Waterhouse argues that it was plain error for the Circuit Court to omit a specific instruction that "defense of others" is a defense to Robbery in the Second Degree, and that this court should vacate his conviction under the Nichols framework. We first analyze whether the Circuit Court's failure to give a "defense of others" instruction as to Robbery in the Second Degree was incorrect.

Waterhouse was charged with Robbery in the First Degree under HRS § 708-840(1)(b)(ii) but convicted of Robbery in the Second Degree under HRS § 708-841(1)(b). The applicable sub-sections in both statutes require that the defendant, "in the course of committing theft[,]" "threatens the imminent use of force against the person of anyone [who is] present with intent to compel acquiescence to the taking of or escaping with the property[.]" See HRS §§ 708-840(1), (1)(b)(ii) and 708-841(1), (1)(b). There is no difference in the state of mind required for these identical elements of each offense. The only element that differs between the two offenses is the requirement under HRS § 708-840(1)(b) that the defendant be "armed with a dangerous instrument" in order to commit Robbery in the First Degree.

After giving an instruction on the charge of Robbery in the First Degree, the Circuit Court instructed the jury that it must consider the lesser included offense of Robbery in the Second Degree if and only if it found Waterhouse not guilty of the charged offense or was unable to reach a unanimous verdict. Immediately following that instruction, the Circuit Court also instructed that "defense of others" is a defense to Robbery in the First Degree:

> If and only if you find the defendant not guilty of Robbery in the First Degree, or you are unable to reach a unanimous verdict as to this offense, then you must consider whether the defendant is guilty or not guilty of the included offense of Robbery in the Second Degree.
>
> A person commits the offense of Robbery in the Second Degree if, in the course of committing theft, he threatens the imminent use of force against the person of anyone who

7

is present, with intent to compel acquiescence to the taking of or escaping with the property.

There are two material elements of the offense of Robbery in the Second Degree, each of which the prosecution must prove beyond a reasonable doubt.

These two elements are:
1. That, on or about November 28th, 2012, in the City and County of Honolulu, the defendant, Lynn Gordon Waterhouse, was in the course of committing theft; and
2. That, while doing so, the defendant, Lynn Gordon Waterhouse, intentionally threatened the imminent use of force against the person of anyone who was present, with intent to compel acquiescence to the taking of or escaping with the property.

A person commits theft if he obtains or excerpts [sic] unauthorized control over the property of another with intent to deprive the person of the property.

An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft, in the commission of a theft, or in the flight after the attempt or commission.

**Defense of others is a defense to the charge of Robbery in the First Degree.** The burden is on the prosecution to prove beyond a reasonable doubt that the force used by the defendant was not justifiable. If the prosecution does not meet its burden, then you must find the defendant not guilty.

(Emphasis added.)

The State argues that

the jury could have rationally understood the instruction to apply to both the charge of Robbery in the First Degree and Robbery in the Second Degree as the "defense of others" instruction immediately followed the reading of both offenses, rather than immediately following only the charge of Robbery in the First Degree.

However,

[The Hawai'i supreme] court has stated that "[t]he due process guarantee of the . . . Hawaii constitution [ ] serves to protect the right of an accused in a criminal case to a fundamentally fair trial." State v. Kaulia, 128 Hawai'i 479, 487, 291 P.3d 377, 385 (2013) (quoting State v. Matafeo, 71 Haw. 183, 185, 787 P.2d 671, 672 (1990)). "Central to the protections of due process is the right to be accorded a meaningful opportunity to present a complete defense." Id. (quoting Matafeo, 71 Haw. at 185, 787 P.2d at 672).

DeLeon, 131 Hawai'i at 485-86, 319 P.3d at 404-05.

Where a defendant does not request a jury instruction on a particular defense, Taylor holds that the failure to

8

instruct on the defense is only plain error if the defendant adduces credible evidence of facts constituting the defense:

> In the case of a jury instruction on mistake of fact that is not requested by the defense and not given by the trial court, plain error affecting substantial rights exists if the defendant had met his or her initial burden at trial of adducing credible evidence of facts constituting the defense (or those facts are supplied by the prosecution's witnesses).

Taylor, 130 Hawai'i at 205, 307 P.3d at 1151(footnote omitted).

Waterhouse's entire theory of defense against the robbery charge was that he acted to protect the woman who was with him from Dabin rather than "to compel acquiescence to the taking of or escaping with the property." We conclude that there was credible evidence adduced at trial to support a claim of self-defense as to the lesser included offense of Robbery in the Second Degree. Because the Circuit Court did not expressly instruct the jury that "defense of others" also applies to Robbery in the Second Degree, Waterhouse was unable to present a complete defense to that offense. Thus, the Circuit Court's omission adversely affected his substantial rights. See id.

In a similar case, the defendant raised the justification of self-defense to the charged offense of second degree murder and the lesser included offenses of reckless manslaughter and assault in the second and third degrees. State v. Culkin, 97 Hawai'i 206, 214, 35 P.3d 233, 241 (2001). Self-defense instructions were given as to each offense except reckless manslaughter, of which the defendant was ultimately convicted. Id. The court also gave a general instruction that self-defense "is a defense to any and all offenses brought against the Defendant in this case." Id. at 218, 35 P.3d at 245. The jury sought clarification as to what the court "meant when it said that self-defense was a defense to 'any and all offenses[.]'" Id. at 219, 35 P.3d at 246. The supreme court held that, inasmuch as it was unclear from the instructions whether the self-defense justification applied to reckless manslaughter, the trial court had plainly erred. Id.

In the instant case, the Circuit Court's failure to give a "defense of others" instruction as to Robbery in the Second Degree was plain error because it adversely affected Waterhouse's substantial right to present a complete defense.

We next analyze whether the error was harmless beyond a reasonable doubt. Nichols, 111 Hawai'i at 337, 141 P.3d at 984. Waterhouse argues that

> the lack of the defense to the offense of Robbery in the Second Degree could have been what caused [Waterhouse's] conviction for that offense, as the jury was unable to acquit him of the included offense. To that extent, the lower court's error was not harmless beyond a reasonable doubt. . . .
>    As there was a basis in the evidence to believe that any threat of force made by [Waterhouse] was for the purpose of protecting [Vicente], and that would provide a complete defense to Robbery in the Second Degree, it cannot be said that the lower court's failure to so instruct was harmless beyond a reasonable doubt.

The "defense of others" justification, set forth in HRS § 703-305 (2014),[4] would have provided a complete defense to the convicted offense of Robbery in the Second Degree had the jury found it applicable. Thus, there was "a reasonable possibility that the error contributed to [Waterhouse's] conviction," and the error was not harmless beyond a reasonable doubt. Nichols, 111 Hawai'i at 337, 141 P.3d at 984.

(3) While the Circuit Court instructed the jury on the lesser included offense of Robbery in the Second Degree, it did not give an instruction as to any other lesser included offense. Waterhouse argues that the Circuit Court erred when it failed to instruct the jury on the lesser included offense of Theft in the

---

[4] HRS § 703-305 provides, in relevant part:

**§ 703-305 Use of force for the protection of other persons.** (1) Subject to the provisions of this section and of section 703-310, the use of force upon or toward the person of another is justifiable to protect a third person when:
  (a)  Under the circumstances as the actor believes them to be, the person whom the actor seeks to protect would be justified in using such protective force; and
  (b)  The actor believes that the actor's intervention is necessary for the protection of the other person.

Fourth Degree because there was a rational basis in the evidence for the jury to acquit Waterhouse of Robbery in the Second Degree and find him guilty of Theft in the Fourth Degree.

The supreme court has held that "with respect to instructions on lesser-included offenses, it is axiomatic that providing instructions on all lesser-included offenses with a rational basis in the evidence is essential to the performance of the jury's function." State v. Flores, 131 Hawai'i 43, 51, 314 P.3d 120, 128 (2013) (citation and internal quotation marks omitted). "Jury instructions on lesser-included offenses must be given where there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." State v. Kaeo, 132 Hawai'i 451, 465, 323 P.3d 95, 109 (2014) (emphasis in original) (quoting Flores, 131 Hawai'i at 51, 314 P.3d at 128). "The failure to instruct the jury on a lesser included offense for which the evidence provides a rational basis warrants vacation of the defendant's conviction." Flores, 131 Hawai'i at 58, 314 P.3d at 135.

In the instant case, Waterhouse was convicted of the offense of Robbery in the Second Degree. Waterhouse contends that: (1) Theft in the Fourth Degree in violation of HRS § 708-833 is a lesser included offense of Robbery in the Second Degree; and (2) there was a rational basis in the evidence for the jury to acquit him of Robbery in the Second Degree and convict him instead of Theft in the Fourth Degree.

Theft in the Fourth Degree is "theft[5] of property or services of any value not in excess of $100." HRS § 708-833 (2014). This court has previously held:

> Robbery in the Second Degree and Theft in the Fourth Degree are included offenses of Robbery in the First Degree. <u>State v. Arlt</u>, 9 Haw. App. 263, 277, 833 P.2d 902, 910 (1992) (Robbery in the Second Degree is an included offense of Robbery in the First Degree); <u>State v. Mitsuda</u>, 86 Hawai'i 37, 46, 947 P.2d 349, 358 (1997) (Theft in the Fourth Degree is an included offense of Robbery in the First Degree).

<u>State v. Brooks</u>, 123 Hawai'i 456, 472-73, 235 P.3d 1168, 1184-85 (App. 2010). <u>See also State v. French</u>, 104 Hawai'i 89, 93, 85 P.3d 196, 200 (App. 2004) ("Theft, regardless of degree, is an included offense of first degree robbery.") (citation omitted); <u>State v. Arlt</u>, 9 Haw. App. 263, 277, 833 P.2d 902, 910 (1992) (noting with approval the trial court's instruction that Theft in the Fourth Degree is an included offense of Robbery in the Second Degree, which is in turn an included offense of Robbery in the First Degree). Thus, we hold that Theft in the Fourth Degree is a lesser included offense of Robbery in the Second Degree.

We next determine whether there was a rational basis in the evidence for a verdict acquitting Waterhouse of Robbery in the Second Degree and convicting him of Theft in the Fourth Degree. <u>Kaeo</u>, 132 Hawai'i at 465, 323 P.3d at 109. First, we look at the elements of each offense and the state of mind required. <u>State v. Abdon</u>, No. CAAP-13-0000086, 2014 WL 4800994

---

[5] HRS § 708-830 (2014), in relevant part, defines "theft" as follows:

> **§ 708-830 Theft.** A person commits theft if the person does any of the following:
> (1) Obtains or exerts unauthorized control over property. A person obtains or exerts unauthorized control over the property of another with intent to deprive the other of the property.
> (2) Property obtained or control exerted through deception. A person obtains, or exerts control over, the property of another by deception with intent to deprive the other of the property.
> . . . .
> (7) Receiving stolen property. A person intentionally receives, retains, or disposes of the property of another, knowing that it has been stolen, with intent to deprive the owner of the property[.]

at *6 (App. Sept. 26, 2014). Under HRS § 708-841(1)(b), in order to acquit Waterhouse of Robbery in the Second Degree, there must be a rational basis for finding that Waterhouse did not "threate[n] the imminent use of force against [Dabin] with intent to compel acquiescence to the taking of or escaping with the property[.]" There was conflicting testimony about: (1) whether Waterhouse had a knife; (2) if Waterhouse had a knife, whether he used it to threaten Dabin; (3) whether Waterhouse threatened Dabin at all; and (4) if Waterhouse did threaten Dabin, whether he acted with the intent to compel Dabin to allow Waterhouse to take or escape with the property or with the intent to protect his female companion. There was also evidence on which the jury could rationally base a finding that Waterhouse had committed "theft of property or services of any value not in excess of $100" under HRS § 708-833.

Thus, there was a rational basis in the evidence for the jury to acquit Waterhouse of Robbery in the Second Degree and convict him instead of Theft in the Fourth Degree. Kaeo, 132 Hawai'i at 465, 323 P.3d at 109. Accordingly, the failure to instruct the jury on Theft in the Fourth Degree warrants vacating Waterhouse's conviction. Flores, 131 Hawai'i at 58, 314 P.3d at 135.

For these reasons, we vacate the Circuit Court's November 27, 2013 Judgment of Conviction and Sentence and remand for a new trial.

DATED: Honolulu, Hawai'i, February 24, 2015.

On the briefs:

Randall L. Hironaka
(Miyoshi & Hironaka)
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

13